UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

NICHOLAS TERRELL MCGAHEE )
)
v. ) Case No. 1:18-cv-62-PLR-CHS
)
JOHNSON MENTAL HEALTH )
CENTER, *et al.* )

**REPORT AND RECOMMENDATION**

Plaintiff Nicholas Terrell McGahee, acting *pro se*, filed an application to proceed *in forma pauperis* [Doc. 1]. Collectively, his complaint [Doc. 2], later-filed supplements [Docs. 8-9], and proposed revised complaint [Doc. 11] do not state a claim for which relief can be granted. Therefore, I **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE** and that the application to proceed *in forma pauperis* be **DENIED AS MOOT**.

**I. Standard of Review**

Under 28 U.S.C. § 1915(e)(2), courts have the responsibility to screen all cases filed by plaintiffs seeking *in forma pauperis* status and dismiss any case that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008).

The standard required to properly state a claim for which relief can be granted under 28 U.S.C. § 1915(e)(2) is the same standard required by Rule 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). And plaintiffs must show factual allegations that are "enough to

1

raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Courts must "construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true[.]" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, a "complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted).

Although facing a lower standard, *pro se* plaintiffs must state a plausible claim for relief. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  That is, the complaint must be enough "to state a claim to relief that is plausible on its face . . . ." *Twombly*, 550 U.S. at 570.  This means that the factual content pled must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  A complaint therefore "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678, in turn quoting *Twombly*, 550 U.S. at 570).

2

Case 1:18-cv-00062-PLR-CHS    Document 12    Filed 08/10/18    Page 2 of 4    PageID #: 78

## II. Analysis

Reviewing all of Plaintiff's filings, the Court finds it impossible to divine what Plaintiff is alleging by way of an actual legal claim. His complaint and later filings consist of phrases strung together in a haphazard and incomprehensible manner. The Court can piece together that Plaintiff is complaining about entry into his apartment without permission; being spied on; being the recipient of some sort of long-lasting injection; and being evicted from his apartment. With respect to this last issue, he included a handwritten letter from someone – presumably a landlord – telling him to seek mental-health treatment or face eviction due to a series of disturbances. Plaintiff also filed some medical records (some nearly ten years old) from the Erlanger Hospital Emergency Department where he was treated for asthma, headache, and the after-effects of being "tased" by local law enforcement.

Even reading the facts favorably toward Plaintiff, the Court cannot discern how the allegations could state any plausible claim. On that basis alone, this case should be dismissed.

The Court also has a duty to determine whether it has subject matter jurisdiction to adjudicate an action. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.") The party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Federal diversity jurisdiction requires complete diversity – no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S.

3

Case 1:18-cv-00062-PLR-CHS   Document 12   Filed 08/10/18   Page 3 of 4   PageID #: 79

365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010). Here, the complaint fails to establish that the Plaintiff and Defendant are citizens of different states. The complaint thus fails to establish diversity of citizenship that would confer subject-matter jurisdiction.

Alternatively, to establish jurisdiction on the basis of a federal question, the action must arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is nothing in the complaint to indicate that this action arises under "the Constitution, laws, or treaties of the United States." In point of fact, the Court is unable to determine what sort of claim Plaintiff is attempting to assert against The Johnson Mental Health Center. Thus, the complaint also fails to establish subject matter jurisdiction on the basis of a federal question.

"[F]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (citations omitted). The complaint does not contain the requisite jurisdictional statement setting forth the basis on which this Court has subject matter jurisdiction in this case.

## III. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[1] that this action be **DISMISSED** and that the application for *in forma pauperis* status be **DENIED** as moot.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370 (6th Cir. 1987).